IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

SEAN PAUL REYES,

          **Plaintiff,**

v.

MICHAEL BASSI, JEFF ROSS, CHRISTOPHER
COVELLI, and the COUNTY OF LAKE, IL,

          **Defendants.**

25 CV 5873
Judge John Robert Blakey
Magistrate Judge Keri L. Holleb Hotaling

### REPLY IN DEFENDANTS BASSI, COVELLI AND LAKE COUNTY'S MOTION TO DISMISS

Plaintiff argues that it was **the deputies** who coerced him to delete his video. But his complaint states that there was a **sign on the wall**: "Ross pointed to a sign on the wall that purported to ban recording in 'courtrooms or its environs.'" For plaintiff, that sign is a troublesome, well-pled fact:



**Recording is Strictly Prohibited in Courtrooms and Court Environs Unless Express Permission is Granted by the Court**



Pursuant to Administrative Order 21-09 Authorized by the Chief Judge of the Nineteenth Judicial Circuit:

except for cases directed by Supreme Court Order, Local Administrative Order or in which Extended Media Coverage is permitted, the 19th Judicial Circuit Court Local Rules prohibit the photography, videotaping, audio recording, televising, or broadcasting of events and activities in a courtroom or its environs.

*Environs include: Adult Probation and Psychological Services, Court Administration, conference rooms, Depke Juvenile Justice Center, hallways (private and public), Jury Commission and jury deliberation rooms, Kids' Korner, Lake County Arbitration Center, Lake County Clerk of the Circuit Court, Lake County Public Defender, Mundelein Branch Court, Park City Branch Court, Round Lake Branch Court, and the William D. Block Memorial Law Library.

Court rules are coercive. That is basically their purpose: to produce or preclude certain behaviors when individuals interact within the judicial system. Plaintiff clearly wants to litigate the constitutionality of the 19th Judicial Circuit's prohibition on recording in the Court's Adult Probation and Psychological Services Division, but litigating that issue against *these Defendants* does not present a viable claim.

## I.     Immunity Bars Plaintiff's Claims

### a.  Quasi-Judicial Immunity

Plaintiff argues that quasi-judicial immunity is a narrowly applicable doctrine. (Resp at 2.) We agree, and thus here especially: **facts matter**. This would ordinarily make a dispositive motion on the pleadings difficult, but here, plaintiff pleads about the sign on the wall, which is basically the whole factual ballgame. This is true regardless of whether the sign and the Administrative Order and Local Rule it references—all of which undeniably come from the 19th Judicial Circuit Court—are constitutionally or otherwise valid in the abstract.

The complaint's allegations are perfectly tailored to quasi-judicial immunity. First there is a simple rule, prominently displayed on the sign: "Recording is strictly prohibited . . . in Adult Probation and Psychological Services." Next, the provenance of that rule needs to come from a judge, and here too the sign supplies that fact: "Pursuant to Administrative Order 21-09 Authorized by the Chief Judge of the Nineteenth Judicial Circuit: . . . Local Rules prohibit . . . videotaping [and] audio recording . . . ." With that factual predicate, Bassi and Covelli's command to the plaintiff to delete his recording is the equivalent of simple math: one plus one equals two.

Plaintiff counters that in *Richman*, "deputies lost immunity because they went beyond judicial orders." *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001). Here, plaintiff's citation does

not match the actual facts of the case he cites. In *Richman*, a mom appeared in traffic court with her son. *Id.* at 433. On the judge's orders to restrain the son, fourteen deputies attacked the son, forced him to the floor, sat on and handcuffed him, resulting in his death. *Id.* Taken as true, this was unquestionably a set of facts presenting a "serious constitutional claim" or "grave infringement." *Richman* did not present simple math. Not surprisingly, the Seventh Circuit denied quasi-judicial immunity on the pleadings. Facts matter.

Plaintiff asserts he too has a "serious constitutional claim" and suffered a "grave infringement," but facts matter: "Recording is strictly prohibited . . . in Adult Probation and Psychological Services." When a Sheriff's deputy and his supervisor apply such a rule to a plaintiff who is openly recording in Adult Probation and Psychological Services, then *that* simple fact pattern falls squarely within the ambit of quasi-judicial immunity. After all, no court requires its law enforcement personnel to travel courthouse buildings with a judge in tow to enforce a court's many rules. Nor does a court require its law enforcement personnel to perform constitutional calculus on its simple rules, and at the behest of someone like plaintiff. Plaintiff brings forth a simple fact pattern that is resolvable on the pleadings through quasi-judicial immunity.

### b. Qualified Immunity

Any possible quibbling with the constitutionality of the 19th Judicial Circuit's order—or rule, for these are the same thing in substance, as both have the force of law[1]—merely shifts the analysis from **quasi-judicial** immunity to **qualified** immunity. The defendants have cited cases in which courts have upheld recording or photography bans in precisely the location at issue

---

[1] *Cf. Centro Medico Panamericano, Ltd v. Benefits Mgmt. Group, Inc.*, 2016 IL App (1st) 151081, ¶ 21 ("Illinois Supreme Court Rules have the force of law and must be obeyed.").

here, a probation department,[2] and many other courthouse areas outside of a judge's presence. (See *Motion to Dismiss* at 10.) This suggests no constitutional violation occurred. The plaintiff, on the other hand, parrots back the citations in the defendants' motion, such as *Kisela v. Hughes*, 584 U.S. 100 (2018). But he re-cites cases like *Kisela* for propositions that they do not support, such as that "[a]ny reasonable officer would have known that threatening 'obstruction' charges . . . and compelling deletion of evidence was unconstitutional." (Dkt. #28 at 5). *Kisela* involved a police shooting—nothing to do with "deletion of evidence"—and the Supreme Court granted an officer qualified immunity . . . which is what makes it relevant here and why the defendants cited it. 584 U.S. at 104-105.

The point in *Kisela* and other similar cases is that even *if* a constitutional violation occurred, qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). Plaintiff cites no cases that would have put Deputies Bassi and Covelli on notice that the 19th Judicial Circuit prohibiting recording in Adult Probation violated a clearly established right. His invocation of highly-generalized rules, such as the "right to record public officials in public areas" or "threatening arrest without probable cause," is contrary to a proper application of qualified immunity: the Supreme Court "has 'repeatedly told courts . . . not to define clearly established law at a high level of generality.'" *Kisela*, 584 U.S. at 104 (quoting two other Supreme Court opinions). At issue here is not the "right to record" or "arrest without probable cause." At issue is the right to record in a court-governed space with a clearly posted rule, and the legal consequence of violating that rule. Both quasi-judicial and qualified immunity are proper bases to dispose of this case, with prejudice, on the pleadings.

---

[2] See *Motion to Dismiss* at 11 citing *McKay v. Federspiel*, 2014 WL 7013574, at *14 (E.D. Mich. Dec. 11, 2014).

II.     **Plaintiff Fails to Adequately Plead an Underlying Constitutional Claim**

a.  **Plaintiff's First Amendment claim fails.**

Plaintiff's underlying constitutional claims hinge on his assertion that he had a property

interest in the video he took at the Adult Probation facility, which he asserts to be a public forum

in which he was entitled to create the video. But he states that without citation and it is simply

not true. *See Sefick v. Gardner*, 164 F.3d 370, 372 (7th Cir.1998) (holding that the courthouse

lobby was a nonpublic forum). All of the citations plaintiff gives about recording in a public

forum are just that: public forums, not court facilities. (Dkt. #28 at 4). For instance, plaintiff cites

*ACLU of Illinois v. Alvarez*, 679 F.3d 583, 595-97 (7th Cir. 2012) for the proposition that "the

public official in public areas are well settled." (Dkt. #28 at 4). In that case, the Seventh Circuit

held that a statute prohibiting recording of police officers in "traditional public for a—streets,

sidewalks, plazas and parks" violated the First Amendment. *Id.* at 594. That case had nothing to

do with buildings or spaces under court control.

When confronted with an on-point case that actually is about court-supervised facilities,

*Cooper v. City of Waukegan,* 1987 WL 10956 (N.D. Ill. 1987), plaintiff wants the Court to

disregard the precedent. (Dkt. #28 at 4). There, according to plaintiff, the issue was with a lobby

adjacent to the juvenile court. But the rule found constitutional in that case was the same: a court

administrative order prohibiting filming in court "environs." 1987 WL 10956, *3. Plaintiff wants

to read away the fact that the Adult Probation building is a court building, but he knows

otherwise, because the sign clearly alerted him to the fact that he was not in a public forum.

b.      **Fourth Amendment Claims are defeated by probable cause.**

Plaintiff spends 13 pages decrying alleged unconstitutional actions, but then tacitly

admits that the deputies *could have seized his phone* (a vastly greater intrusion than what in fact

occurred[3]). He writes that the deputies "could have retained the footage and let a judge decide its fate, rather than delete it irreversibly." (Dkt #28, at 11.) By what authority does the plaintiff believe the deputies could have seized his purported property? The answer to this question undermines his constitutional argument: the deputies clearly had probable cause under the Fourth Amendment. At the very least, the deputies had *arguable* probable cause, which suffices for qualified immunity. *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012) ("Arguable probable cause exists when a reasonable officer could mistakenly have believed that he had probable cause to make the arrest.")

An analogy is helpful here. A thief whom a policeman sees walk out of a Walmart with a TV that he has not paid for cannot claim a valid Fourth Amendment interest in the contraband when confronted by the officer in the store's parking lot. The officer has observed the offense in progress; the TV—contraband—is in plain view and can be seized.

So too here. The complaint again sets forth all of the facts necessary to establish the analogy: plaintiff was recording in front of a sign prohibiting recording; Deputy Bassi arrived and observed this, conversing (at length) with plaintiff, who continued to record even when they stepped outside the Probation lobby. (*See* Complaint ¶ 22.) At this point, Bassi knew that plaintiff had the "contraband" on his phone, and offered him the chance to remedy his offense. This is not dissimilar to a police officer telling the Walmart thief: "return the TV, and I'll let you go." The thief, of course, can say "no," but he cannot rightfully return the TV and then sue, complaining

---

[3] The Supreme Court has written that "it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives—from the mundane to the intimate. [Citation.] Allowing the police to scrutinize such records on a routine basis is quite different from allowing them to search a personal item or two in the occasional case." *Riley v. California*, 573 U.S. 373, 395 (2014).

6

that the officer "coerced him" out of possessing the TV. The plaintiff essentially acknowledges this when he writes that the deputies "could have retained the footage."

Plaintiff argues that he violated no criminal law. But a "person who knowingly . . . obstructs the performance by one known to the person to be a peace officer . . . of any authorized act within his or her official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1 (titled "Resisting or obstructing a peace officer"). Court rules have the force of law. *Cf. Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) ("A district court has discretion to adopt local rules. [Citations.] Those rules have 'the force of law.'"); *Link v. Wabash R. Co.*, 291 F.2d 542, 545 (7th Cir. 1961) ("It is well settled that court rules have the force of law," citing *Weil v. Neary*, 278 U.S. 160, 169 (1929)); *Murdock v. Chicago*, 2022 WL 17357769, at *3 (N.D. Ill. Dec. 1, 2022) ("Under Illinois law, circuit court general orders have the force of law," citing cases); *Centro Medico Panamericano, Ltd v. Benefits Mgmt. Group, Inc.*, 2016 IL App (1st) 151081, ¶ 21 ("Illinois Supreme Court Rules have the force of law and must be obeyed."). Deputy Bassi, and then DC Covelli, were plainly acting within their official capacities when they told plaintiff that the video was unauthorized (see the sign) and that he had a choice to make. Had plaintiff not exercised his choice to delete his recording, then the Sheriffs had probable cause to arrest him for obstructing a peace officer, in addition to the indirect criminal contempt charges detailed in the defendants' motion to dismiss (Dkt. #22 at 12-13).

### c. Plaintiff Does not Allege a Due Process Claim

In support of his due process allegations, plaintiff cites a Seventh Circuit precedent, *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003), for the proposition that "coerced destruction of evidence without judicial process offends due process." (Dkt. # 28 at 5). But *Lee* involved a challenge to the defendant's towing and storage fees. That case has no bearing on

what plaintiff claims is "coerced destruction" of his property, nor does it provide any useful parallels to this case, where plaintiff chose to delete his video to avoid any judicial process.

Plaintiff admits that he "proceeded to delete all the videos he had recorded that day from his phone." (Compl. ¶ 22.) Plaintiff may regret that choice, but the coercive effect of a court order prohibiting recording, which the deputies were merely enforcing, does not convert this case into a "serious constitutional claim" or "grave infringement." Plaintiff made a choice compelled by a court rule; he had every right to make the other choice, be arrested, and then plead his case before a judge of the 19th Judicial Circuit, all with his cellphone video intact. He does not identify any "process" he was denied and, therefore, his due process claims should be dismissed with prejudice.

### III. Plaintiff fails to allege a *Monell* claim.

Plaintiff does not identify either a pattern of unconstitutional behavior, nor an appropriate policy maker to sustain a *Monell* claim. Counties cannot be held liable under *Monell* for the acts of sheriff's deputies. *Carver v. Sheriff of La Salle Cnty.*, 203 Ill. 2d 497, 512 (2003) ("a sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves"). Plaintiff makes no effort to address these deficiencies in his response, and therefore, the *Monell* claim should be dismissed with prejudice.

### IV. CONCLUSION

Plaintiff presents the court with several citations to support his position, but those citations do not match the actual holdings of those cases. Immunity bars plaintiff's claims against the sheriff's deputies. Court operated buildings are different as a matter of law and plaintiff has no First Amendment right to create video within them. Plaintiff can no more ignore the clear precedent holding that he has no right to record in court-supervised buildings then he could

8

ignore the sign that clearly informed him that his behavior was prohibited by law. His case

should be dismissed with prejudice.

<table>
<tr><td>

Eric F. Rinehart
STATE'S ATTORNEY OF LAKE COUNTY
Melanie K. Nelson (#6288452)
Stephen J. Rice (#6287192)
Assistant State's Attorney
18 N. County St., Waukegan, IL 60085
(847) 377-3099; srice@lakecountyil.gov

</td><td>

Respectfully submitted,
ERIC F. RINEHART
State's Attorney of Lake County

By: /s/Stephen J. Rice
    Assistant State's Attorney

</td></tr>
</table>

*Attorneys for Defendants Deputy Michael Bassi, Deputy Chief Christopher Covelli, and Lake County*